IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Donald Eugene Peters,<br><br>Petitioner,<br><br>v.<br><br>Levern Cohen, *Warden of Ridgeland Correctional Institution*,<br><br>Respondent. | Civil Action No. 9:22-cv-03275-SAL<br><br>**Order Adopting [28] Report and Recommendation** |

This matter is before the court on the Report and Recommendation of Magistrate Judge Molly H. Cherry (Report) made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B) (D.S.C.). [ECF No. 28.]

Petitioner, an inmate at the South Carolina Department of Corrections proceeding pro se, filed a Writ of Habeas Corpus in this court pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Respondent filed a Return [ECF No. 19] and Motion for Summary Judgment. [ECF No. 20.] The magistrate judge issued a *Roseboro* order directing the clerk to forward an explanation of dismissal procedures to Petitioner and directing him to respond to the Motion in thirty-one days. [ECF No. 21.] Petitioner filed a Motion for Extension of Time to respond [ECF No. 23], which the magistrate judge granted, giving Petitioner a sixty-day extension, or until May 12, 2023, to respond. [ECF No. 24.] The extended deadline ran with no response from Petitioner. Another nineteen days passed with no Response from Petitioner, and the magistrate judge issued her Report recommending that this action be dismissed for lack of prosecution. [ECF No. 28.]

Attached to the Report was a Notice of Right to File Objections, which directed Plaintiff to file specific written objections within fourteen days of the date of service of the Report. *Id*. at

4. Objections were due June 14, 2023. Another three weeks have passed since the deadline, and Petitioner has not filed an Objection. This matter is ripe for ruling.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). With no objections, the court need not explain its reasons for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 28, and incorporates the Report by reference. Accordingly, this case is DISMISSED without prejudice for lack of prosecution.

IT IS SO ORDERED.

Sherri A. Lydon
Sherri A. Lydon
United States District Judge

July 7, 2023
Columbia, South Carolina